**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
            chris@bendaulaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Virginia Velazquez**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Welcome Home House Calls, LLC**, an Arizona limited liability company, **Stuart Turnansky and Jane Doe Turnansky**, a married couple, and **Ethan Greenfeld and Jane Doe Greenfeld**, | |
| Defendants. | |

Plaintiff, Virginia Velazquez ("Plaintiff" or "Virginia Velazquez"), sues the

Defendants Welcome Home House Calls, LLC, Stuart Turnansky and Jane Doe

Turnansky, and Ethan Greenfeld and Jane Doe Greenfeld, (collectively "Defendants")

and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.    At all material times, Welcome Home House Calls, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Welcome Home House Calls, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.    Under the FLSA, Defendant Welcome Home House Calls, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Welcome Home House Calls, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant Welcome Home House Calls, LLC in relation to the company's employees, Defendant Welcome Home House Calls, LLC is subject to liability under the FLSA.

10.   Defendants Stuart Turnansky and Jane Doe Turnansky are, upon information and belief, husband and wife.  They have caused events to take place giving

rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Stuart Turnansky and Jane Doe Turnansky are owners of Defendant Welcome Home House Calls, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11.    Under the FLSA, Defendants Stuart Turnansky and Jane Doe Turnansky are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Stuart Turnansky and Jane Doe Turnansky had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant Welcome Home House Calls, LLC in relation to the company's employees, Defendants Stuart Turnansky and Jane Doe Turnansky are subject to individual liability under the FLSA.

12.    Defendants Ethan Greenfeld and Jane Doe Greenfeld are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Ethan Greenfeld and Jane Doe Greenfeld are owners of Defendant Welcome Home House Calls, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.    Under the FLSA, Defendants Ethan Greenfeld and Jane Doe Greenfeld are employers.  The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee. Ethan Greenfeld and Jane Doe Greenfeld had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendant Welcome Home House Calls, LLC in relation to the company's employees, Defendants Ethan Greenfeld and Jane Doe Greenfeld are subject to individual liability under the FLSA.

14.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.     Defendants, and each of them, are sued in both their individual and corporate capacities.

16.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

21.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

22.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

23.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

25.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

26.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

27.     Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

28.     Defendants own and/or operate as Welcome Home House Calls, LLC, an enterprise located in Maricopa County, Arizona.

29.     Plaintiff worked for Defendants for approximately one week, from approximately January 24, 2022 until approximately January 31, 2022.

30.     Plaintiff worked for Defendants as a part time case manager assistant.

31.     Defendants were responsible for paying Plaintiff for the work she performed.

32.     Defendants advised Plaintiff that she would be compensated at an hourly rate of $17.00 for the work she performed.

33.     Plaintiff worked for Defendants for approximately one week, working approximately 22 hours.

34.     Defendants failed to compensate Plaintiff any wage whatsoever for any of the hours she spent working for them.

35.     As a result of not having paid any wage whatsoever to Plaintiff for any of the hours she spent working for them, Defendants failed to pay the applicable minimum wage to Plaintiff.

36.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for any of the hours she spent working for them, Defendants violated 29 U.S.C. § 206(a).

37.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for any of the hours she spent working for them, Defendants violated the AMWA, A.R.S. § 23-363.

38.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for any of the hours she spent working for them, Defendants violated the AWA, A.R.S., § 23-351.

39.     Defendants classified Plaintiff as W-2 employee.

40.     In her work for Defendants, Plaintiff was not compensated on a salary basis.

41.     In her work for Defendants, Plaintiff did not have supervisory authority over any employees.

42.     In her work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

43.     In her work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

44.     In her work for Defendants, Plaintiff did not direct the work of two or more employees.

45.     In her work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

46.     Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

47.     At all relevant times, Defendants controlled Plaintiff's schedules.

48.     At all relevant times, Plaintiff was economically dependent on Defendants.

49.     Plaintiff was a non-exempt employee.

50.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff any wages whatsoever for such hours worked would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

51.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

52.     Plaintiff is a covered employee within the meaning of the FLSA.

53.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

57.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     As a result of not paying Plaintiff any wage whatsoever for any of the hours she spent working, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

59.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

60.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Virginia Velazquez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     As a result of not paying Plaintiff any wage whatsoever for any of the hours she spent working, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

63.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

64.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Virginia Velazquez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

65.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.   As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

67.   Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

68.   As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

69.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the

Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

70.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Virginia Velazquez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of February, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

1

## **VERIFICATION**

2
    Plaintiff, Virginia Velazquez, declares under penalty of perjury that she has read

3
the foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4
asserted therein are true and based on her personal knowledge, except as to those matters

5
stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8
                                         *Virginia Velazquez*

9
                                         Virginia Velazquez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27